IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Nos. 24-1025

ALEXANDER CARTER, LAMARCUS CARGILL, JIMMY D. HITCHCOCK, DASHAUN RILEY, ARLAND SCOTT, CHARLES SMITH, EUGENE WASHINGTON, AMY WON, AND DESHAWN WRIGHT, INDIVIDUALLY AND FOR OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants,*

-vs-

SHERIFF OF COOK COUNTY AND COOK COUNTY, ILLINOIS

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Illinois
No. 22-cv-1893 — Jeremy C. Daniel, District Judge.
_____

# REPLY BRIEF
# OF PLAINTIFFS-APPELLANTS

Kenneth N. Flaxman
*Counsel of Record*
Joel A. Flaxman
200 South Michigan Avenue
Suite 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

I. Argument in Reply ............................................................................ 1

    A. There are no "constraints on store space" in this case .................. 1

    B. The compulsory abandonment of government issued identification does not extinguish a possessory interest ........................................................................................ 2

II. Conclusion ...................................................................................... 6

# TABLE OF AUTHORITIES

*Conyers v. City of Chicago*, 10 F.4th 704 (7th Cir. 2021) .......................... 1, 2

*DeGenova v. Sheriff of DuPage County*, 209 F.3d 973
    (7th Cir. 2000) ...................................................................................... 6

*Kelley-Lomax v. City of Chicago*, 49 F.4th 1124 (7th Cir. 2022) .............. 1, 2

*Todman v. Mayor & City Council of Baltimore*, 104 F.4th 479
    (4th Cir. 2024) ................................................................................... 4-5

*Tyler v. Hennepin County*, 598 U.S. 631 (2023) .............................. 2, 3, 4, 5-6

*United States v. Locke*, 471 U.S. 84 (1985) ...................................................... 5

*Wilson v. City of Evanston*, No. 21-2888, 2023 WL 3016266
    (7th Cir. Apr. 20, 2023) ....................................................................... 1, 2

Brief of Respondent, *Tyler v. Hennepin County*, No. 22-166 ................... 2, 3

### I. Argument In Reply
#### A. There are no "constraints on storage space" in this case

Defendants do not dispute that government issued identification cards are vital to prisoners when they are released from the penitentiary. (Brief of Appellant 2-3.) Nor do defendants disagree that plaintiffs had a property interest protected by the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment in their government issued identification cards. (Brief of Appellant 17.) In addition, defendants appear to concede that when a prisoner is transferred to the Illinois Department of Corrections with a government issued identification card, the IDOC will store the card for however long the prisoner remains in the IDOC. (Brief of Appellant 11-12.)

Defendants nonetheless ask the Court to uphold their policy of destroying government issued identification cards rather than sending the cards to the IDOC. (Brief of Appellant 5.) Defendants are unable to offer a rationale for this harmful policy.

Rather than offer any rationale, defendants rely on rote citations to this Court's decisions in cases that turned on "constraints on storage space for seized property." *Conyers v. City of Chicago*, 10 F.4th 704, 711 (7th Cir. 2021); *Kelley-Lomax v. City of Chicago*, 49 F.4th 1124 (7th Cir. 2022); *Wilson v. City of Evanston*, No. 21-2888, 2023 WL 3016266 (7th Cir. Apr. 20,

2023). Defendant in this case should not be heard to complain of "constraints on storage space" because the IDOC is ready, willing, and able to hold government issued ID cards until the prisoner leaves the penitentiary.

Accordingly, this is not a case that involves "limited space," *Kelley-Lomax*, 49 F.4th at 1126, and plaintiffs do not assert that they are "entitled to wait a lifetime before claiming the property [from the Sheriff]." *Id.* at 1125. Plaintiffs' claim is simply that defendants should have sent their government issued ID cards to the IDOC and that refusing to do so deprived them of their property.

### B. The compulsory abandonment of government issued identification does not extinguish a possessory interest

Defendants rely (Brief of Appellee 6, 8-9) on the "abandonment" argument the Supreme Court rejected in *Tyler v. Hennepin County*, 598 U.S. 631 (2023). While this Court accepted the "abandonment" argument in *Conyers*, *Kelley-Lomax*, *and Wilson*, the Court decided each of those cases before the Supreme Court ruled in *Hennepin County*.

The respondent in *Hennepin County* argued that abandonment occurs when property owners "receive notice and a meaningful opportunity to take timely action to preserve their interest." (Brief of Respondent, *Tyler v. Hennepin County*, No. 22-166, 1-2.) Defendants frame their argument the

same way, describing plaintiffs as persons who received "advance notice of the need to [preserve their property]." (Brief of Appellee 1.)

The respondent in *Hennepin County* asserted that, "[i]f an owner nevertheless fails to do so, the State may treat the property as 'abandoned.'" (Brief of Respondent, *Hennepin County*, at 2.) Defendants make the same claim here, stating at page 4 and again on page 6 of their answering brief that,

> Plaintiffs abandoned their property by failing to take the modest steps they were advised in advance were necessary to avoid its disposal.

(Brief of Appellees 4, 6.)

The Supreme Court described this argument as postulating that the property owner "constructively abandoned her property by failing to comply with a reasonable condition imposed by the State." *Hennepin County*, 598 U.S. at 647. Defendants make the same losing argument here, asserting that plaintiffs constructively abandoned their property when they "failed to take any action to preserve their interest in that property, despite receiving advance notice that failure to take such action would result in the property's disposal." (Brief of Appellee 9.)

Defendants claim an inability to understand why persons confined in the penitentiary are "unable to retrieve their government issued identification." (Brief of Appellee 8.) Defendants, of course, are aware that prisoners

in the penitentiary are not free to leave the prison and travel to the Jail to retrieve their ID cards. Their only option, as the Sheriff informs each person leaving for the IDOC (Brief of Appellant 6), is to engage a third person "to pick them up." While defense counsel may have the financial resources to engage an agent to perform this task, the same is not true for plaintiffs.

The Fourth Circuit recently applied *Hennepin County* when it carefully analyzed the difference between abandonment and forfeiture in *Todman v. Mayor & City Council of Baltimore*, 104 F.4th 479 (4th Cir. 2024). *Todman* involved a municipal ordinance declaring that after an eviction, "any personal property left in or about the premises is immediately deemed abandoned." *Id.* at 483.

The Fourth Circuit held that the ordinance was unconstitutional under *Hennepin County* and that the municipality "was responsible for harm caused by a failure of due process when it passes a confiscatory ordinance that fails to provide for the process due." *Todman*, 104 F.4th at 496. The Court of Appeals relied on *United States v. Locke,* 471 U.S. 84 (1985) for the common law understanding of abandonment and forfeiture:

> "[A]bandonment" of a claim … occurs only upon a showing of the claimant's intent to relinquish the claim, and "forfeiture" of a claim, for which only noncompliance with the requirements of law must be shown.

*United States v. Locke*, 471 U.S. 84, 98 (1985). The Fourth Circuit then rejected the government's argument that it could "alter the common law standards of abandonment in any way they see fit." *Todman*, 104 F.4th at 493.

The Sheriff's policy in this case, like the policy in *Todman*, is a forfeiture statute, rather than an abandonment statute. The key to an abandonment statute is that "nonuse serves as a reasonable proxy for intent to abandon." *Todman*, 104 F.4th at 493. Here, the Sheriff's policy is not triggered by nonuse; the Sheriff stores government issued identification cards while a prisoner is confined at the Jail, refuses to send ID cards with prisoners being transferred to IDOC, and then claims the right to destroy those cards if the prisoner is unable to leave the penitentiary and retrieve the property within 60 days. As in *Hennepin County*, the Sheriff's rule is a forfeiture scheme, rather than a constitutionally permissible proxy for abandonment. This Court applied a different test for abandonment in *Conyers*, *Kelley-Lomax*, and *Wilson* and should reach a different result here in light of *Hennepin County*.

Defendants ask the Court to limit *Hennepin County* to the "failure to pay taxes on real property." (Brief of Appellee 9.) Nothing in *Hennepin*

*County* supports this proposed limitation, as shown by the Fourth Circuit's application of *Hennepin County* to personal property in *Todman.*

Finally, defendants assert that because defendant Cook County is a home rule entity, defendant Sheriff may ignore the IDOC's willingness to accept and store prisoner's ID cards. (Brief of Appellee 19-20.) But plaintiffs are not seeking to enforce IDOC's policy; that policy is only relevant because it demonstrates there is no basis for defendants' policy. As shown above, there is no constraint on storage space in this case because the IDOC will accept and store ID cards. Moreover, the Sheriff of Cook County is an independent constitutional officer for whom Cook County does not set policy. *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 975-76 (7th Cir. 2000).

## II. Conclusion

For the reasons above stated and those previously advanced, the Court should reverse the order of the district court granting the motion to dismiss and remand for further proceedings.

Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
*Counsel of Record*
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

The undersigned, attorney for Plaintiff-Appellant, certifies that the foregoing reply brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a). The brief contains 1,270 words, as counted by the word-counting application of Microsoft Word 365.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
*an attorney for plaintiff-appellant*